IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLORIA RUBIO, | No. C 09-05249 RS |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as a nominee for lender; and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiff Gloria Rubio ("Rubio") initiated this case by filing a complaint against defendants Countrywide Home Loans, Inc. ("Countrywide") and Mortgage Electronic Registration Systems, Inc. ("MERS") in Monterey Superior Court in October 2009. The complaint alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601, along with other state and federal claims, in relation to Rubio's residential mortgage loan transaction. Countrywide and MERS removed the case to this Court in November 2009 and moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). When Rubio failed to oppose the motion to dismiss, the Court vacated the motion hearing date and issued an order to show cause ("OSC"). The OSC instructed Rubio to

1 respond by January 20, 2010, which she again failed to do.  Finally, a show cause hearing was
2 conducted on February 3, 2010, at which she did not appear.

3 Dismissal is now appropriate pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R.
4 Civ. P. 41(b) (providing that a case may be dismissed with prejudice for failure to prosecute).  In
5 determining whether to dismiss a case for failure to prosecute or failure to comply with court orders,
6 a district court should consider five factors: (1) the public's interest in expeditious resolution of
7 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
8 the public policy favoring the disposition of cases on their merits; and (5) the availability of less
9 drastic sanctions. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)).

10 These factors favor dismissal in the present case.  Ms. Rubio has responded to neither the
11 defendants' motion to dismiss nor the Court's order to show cause, and furthermore she has
12 neglected her obligation to appear at the show cause hearing.  This inaction is contrary to the
13 public's interest in expeditious resolution of this litigation and hinders the Court's ability to manage
14 its docket.  Also, prejudice to the defendants may be presumed from the unreasonable delays in her
15 responses.  Under these circumstances, the public policy favoring resolution of disputes on their
16 merits does not outweigh Ms. Rubio's failure to prosecute this action.  Nor do sanctions less drastic
17 than dismissal appear likely to produce any result.  The instant case must, therefore, be dismissed
18 without prejudice for failure to prosecute.

20 IT IS SO ORDERED.

22 Dated: 02/04/2010

23 RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE